(12 Misc. Rep. 549.)

### BOYDEN v. BALDWIN et al.

(City Court of New York, General Term. May 28, 1895.)

PRINCIPAL AND AGENT—RATIFICATION.

    Where an employé of defendant employed plaintiff to sell goods for defendant on commission, and defendant afterwards filled the orders procured by plaintiff, and pays plaintiff's commissions, the contract of employment is thereby ratified.

Appeal from trial term.

Action by Frederick A. Boyden against Austin F. Baldwin and others to recover commissions on sales of goods. Judgment was entered in favor of plaintiff, and defendants appeal. Affirmed.

Argued before CONLAN and FITZSIMONS, JJ.

Seward, Guthrie, Morawetz & Steele, for appellants.

Samuel G. Adams, for respondent.

CONLAN, J. This is an appeal from a judgment entered by direction of the court and from an order denying a motion for a new trial. This action was brought to recover commissions on sales of merchandise belonging to defendants by plaintiff to third parties, under an agreement that he was to receive 10 per centum on all immediate or direct orders, as well as on all subsequent orders from such new customers so long as they continued to trade with defendants. The evidence of Boulger, at folio 39, and of the plaintiff, at folio 66, clearly shows the employment of the plaintiff by Boulger, who was then in the employ of the defendants, about December —, 1891. The subsequent conduct of the defendants, in filling orders and pay-

ing commissions, constituted a full and complete ratification of that employment.    Open oral agreements to pay commissions on future sales of merchandise have always been a fruitful source of dissatisfaction and litigation.    Such contracts are, however, legal and valid obligations, and enforceable in our courts until terminated by some act of the parties.    The contract sued on does not seem to have been terminated down to the time plaintiff asked for an accounting, in October, 1892.    The amount of goods sold is not seriously disputed by defendants, but it is claimed that plaintiff is not entitled to commissions on a great portion of the orders, because they were initiated by others, and that the influence of the plaintiff did not contribute directly to the sale.    This contention cannot be sustained.    The plaintiff was entitled to his commissions, notwithstanding the participation of friends.    It is not contended that the friendly assistance plaintiff received in any way increased defendants' liability to pay commissions to others, nor can it be denied that they got the benefit of the orders so obtained.    The appellants do not urge any of the rulings of the trial judge as error, and on all the facts we are of the opinion that the direction made by the trial judge was warranted. The judgment is therefore affirmed, with costs.